IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **Darrell Demare Scott,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:14cv1582 (JCC/MSN) |
| | ) | |
| **Sgt. Tony and Major Acknee,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Darrell Demare Scott, a federal inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights during his former incarceration at the Piedmont Regional Jail ("PRJ"). Plaintiff has applied to proceed in forma pauperis in this action. The complaint initially was filed in the United States District Court for the Western District of Virginia, and was transferred to this district on November 19, 2014. By Order dated December 10, 2014, the complaint was conditionally filed, and plaintiff was informed of deficiencies in the claims he alleged. In deference to his pro se status, plaintiff was allowed an opportunity to particularize and amend his allegations in an amended complaint, to state a claim for which § 1983 would be available. In addition, plaintiff was directed to complete and return an affidavit concerning his exhaustion of his institution's administrative grievance process. Plaintiff has complied with those instructions. After careful review of the affidavit and amended complaint, the claims against the defendants will be dismissed pursuant to 42 U.S.C. § 1997e(a) as unexhausted, and alternately pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1] Plaintiff's pending motions for appointment of counsel and other relief will be

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event,

denied, as moot.

## I. Background

Plaintiff alleges that he is wheelchair-dependent due to nerve damage apparently caused by a gunshot wound, and as a result he has weakness in his legs and difficulty with their control. Compl. at 4, Am. Compl. at unnumbered p. 2.[2] On August 19, 2014, while incarcerated at PRJ, plaintiff allegedly was placed in a non-handicap accessible cell by Sgt. Tony, where he had no choice but to get on a tattered mat on the floor to relieve stress on his spine because he had been sitting for 9 hours without medication. Compl. at 4-5. Because the cell was not equipped with rails and crawling on the cement floor was painful, plaintiff had to drag himself across the floor to notify officials of the harsh conditions. Id. at 5. Officer Cole allegedly saw plaintiff "sprawled" on his stomach on the floor pleading for help to get to the restroom and to receive his medications, but he simply said the nurse was coming and left. Out of desperation plaintiff dragged himself to the water drain to relieve himself, but he would not defecate even though he needed to do so. Am. Compl. at unnumbered p. 1. After about 3 ½ hours plaintiff was placed in a small holding cell with 15 other inmates. There, the overcrowded conditions again made it

---

as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

[2]Plaintiff has captioned what amounts to his amended complaint as "Motion to Amend Complaint." Dkt. 10. He also filed copies of medical records concerning his condition as attachments to a "letter to the Court." Dkt. 12.

2

impossible for him to access water or a restroom. Out of all the inmates in the cell, plaintiff was processed last and as a result was deprived of medication by Sgt. Tony. Compl. at handwritten p.3, Am. Compl. at unnumbered p. 2. As a result of these events plaintiff suffered serious pain and muscle spasms, and felt embarrassed, depressed, and humiliated, and entertained thoughts of suicide. Id.

The next evening, Major Acknee had plaintiff removed to the observation cell for inmates with suicidal intentions. There were hard rubber slabs rather than beds in the cell, and plaintiff was "even" given a "suicidal blanket." Plaintiff alleges that he was just physically challenged and trying to be processed; he was "not in any trouble of any sort." Compl. at handwritten p. 4. Plaintiff voiced his complaints to Major Acknee but they "fell on deaf ears." Id. However, when plaintiff told Major Acknee that he had no telephone or shower opportunities and he wanted to call his lawyer, the major had him moved to a 6-man cell. Id. Apparently this was a handicap cell, because plaintiff alleges that one inmate was not handicapped and instead was in protective custody, a circumstance of which Sgt. Tony and other officers were "fully aware." Id. Plaintiff allegedly suffered "weeks" of bullying and eventually was attacked by this 220-pound inmate on September 2, 2014, which resulted in "minor injuries." Id.

Based on these allegations, plaintiff asserts that he suffered unconstitutional conditions of confinement, delay in receiving medication, endangerment. The named defendants are Major Acknee and Sgt. Tony, and as relief plaintiff seeks monetary damages. Am. Compl. at unnumbered p. 5.[3]

## II. The Claims are Not Exhausted

---

[3]Plaintiff's claim against a third named defendant, the Piedmont Regional Jail, was dismissed for failure to state a claim in the Order of December 10.

As explained in the Order of December 10, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 92 (2006) (requiring complete exhaustion of correctional facility administrative remedies). Indeed, under the PLRA courts have no authority to waive the exhaustion requirement. See Graham v. Gentry, 413 Fed. App'x 660, 663 (4th Cir. Feb. 18, 2011). Moreover, the PLRA requires "proper" exhaustion, which demands "compliance with an agency's deadlines and other critical procedural rules." Woodford, 548 U.S. at 90-91, 93. The Supreme Court expressly has refused to recognize a futility exception to the PLRA's exhaustion requirement. Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements [of the PLRA]".); see also, Reynolds v. Doe, 431 Fed. App'x 221, 222 (4th Cir. May 24, 2011)("Exhaustion of administrative remedies is mandatory, even where the inmate claims that exhaustion would be futile.")

In response to the Order of December 10, plaintiff supplied a Verified Statement in which he states that there are no administrative remedies available to him at this time because he is no longer confined at PRJ. Dkt. 15. In addition, plaintiff failed to follow the provided instructions to attach documentation verifying his attempts to exhaust his administrative remedies. Id. When combined, these circumstances lead to the inference that plaintiff failed to take steps to exhaust his claims administratively before bringing them in federal court. Accordingly, the claims must be dismissed. Graham, 413 Fed. App'x at 663.

### III. Failure to State a Claim

Even if plaintiff could show that he did exhaust his administrative remedies, his

allegations in substance fail to state a claim for which §1983 relief is available. In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Moreover, where a conflict exists between "the bare allegations of the complaint and any attached exhibit,

the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

To establish a claim for cruel and unusual punishment due to conditions of confinement that violate the Eighth Amendment, a plaintiff must allege facts sufficient to show (1) an objectively serious deprivation of a basic human need, that is, one causing serious physical or emotional injury, and (2) that prison officials were deliberately indifferent to that need. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 198 (1991).[4] To meet the first prong, plaintiff must allege facts sufficient to show that the condition complained of was a "sufficiently serious" deprivation of a basic human need. Farmer v. Brennan, 511 U.S. 825, 825 (1994) (citing Wilson, 501 U.S. at 298). Only extreme deprivations will make out an Eighth Amendment claim, and it is plaintiff's burden to allege facts sufficient to show that the risk from the conditions of his confinement was so grave that it violated contemporary notions of decency and resulted in serious or significant physical or emotional injury. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Strickler v. Waters, 989 F.2d 1375, 1379-81 (4th Cir. 1993). To meet the second prong, plaintiff must allege facts sufficient to show that defendants were deliberately indifferent, that is, that they knew of facts from which an inference could be drawn that a "substantial risk of serious harm," was posed to his health and safety, that they drew that inference, and then disregarded the risk posed. Farmer, 511 U.S. at 837.

Here, plaintiff alleges essentially that he was made to stay in a non-handicap accessible cell for 3 ½ hours, during which time he left his wheelchair to lie on the floor because sitting

---

[4] It is unclear whether plaintiff was a pretrial detainee at the time the events he described occurred. If so, his claims are governed by the Due Process Clause of the Fourteenth Amendment. It is well established, however, that the due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 250 (4th Cir. 2005).

caused him greater back pain. As a result, he found it necessary to urinate in a drain. Plaintiff was then moved to an overcrowded holding cell, and because he was processed last his receipt of medication was delayed. As a result of these events plaintiff allegedly suffered pain, muscle spasms, and emotions such as embarrassment and depression. Taking all of these allegations as true, plaintiff has stated no claim for violation of his Eighth Amendment rights. The fact that plaintiff removed himself from his wheelchair to relieve stress on his spine and then had to remain on the floor for 3 ½ hours, while unfortunate, is not a sufficiently serious or extreme deprivation of a basic human need to support an Eighth Amendment claim. Cf. Farmer, 511 U.S. at 825. And even if it were, the pain, muscle spasms and feelings of humiliation and embarrassment plaintiff allegedly suffered as a result do not constitute a sufficiently serious or significant physical or emotional injury such that damages under § 1983 are warranted.[5]

As to plaintiff's claim that defendants failed to protect him from attack by another inmate in September, 2014, the Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 198 (1991). To establish a § 1983 claim for failure to protect, a plaintiff must show both (1) a "serious or significant physical or emotional injury," De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); and (2) that the prison officials had a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834 (internal quotation marks omitted); Odom v. S. C. Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003). As to the first prong, "[o]nly

---

[5]Exhibits supplied by plaintiff, which appropriately may be considered, Gulf Ins. Co., 313 F. Supp. 2d. at 596, suggest that plaintiff's emotional issues were not attributable to the events he describes. In a Clinical Encounter - Administrative Note provided by Lynn Abreita, PhD, on October 17, 2014, plaintiff was described as an "[i]nmate with symptoms of depression and anxiety (past ptsd). Has medical issues - hopeless and helpless re: possible paralysis, recent death of brother." Dkt. 12, Ex.B.

extreme deprivations are adequate," De'Lonta, 330 F.3d at 634; thus, the deprivation must be "objectively, sufficiently serious." Odom, 349 F.3d at 770, quoting Wilson, 501 U.S. at 298. As to the second prong, prison officials must be shown to have exhibited "deliberate indifference" to the inmate's health or safety. Farmer, 511 U.S. at 834. A prison official shows deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Saunders v. Buckner, 2008 WL 4104439 (E. D. Va. Aug. 28, 2008) at *6, quoting Farmer, 511 U.S. at 837. Here, where plaintiff alleges that he received only "minor injuries" as the result of the assault by the fellow inmate, Compl. at handwritten p. 4, these criteria are not met. Accordingly, even if plaintiff could demonstrate that his claims were administratively exhausted, they are subject to dismissal for failure to state claim pursuant to §1915A.

### IV. Conclusion

For the foregoing reasons, plaintiff's claims will be dismissed pursuant to 42 U.S.C. § 1997e(a) for lack of administrative exhaustion, and in the alternative pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Plaintiff's pending motions for the appointment of counsel and other relief will be dismissed, as moot. An appropriate Order shall issue.

Entered this 19th day of May 2015.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge